**BURNSIDE–OTT AVIATION TRAINING CENTER, INC., Plaintiff,**

v.

**UNITED STATES of America, et al., Defendants.**

**No. 82–0105–Civ.**

United States District Court, S.D. Florida, S.D.

June 26, 1985.

Bradford Swing, Arky, Freed, Stearns, Watson, Greer, Weaver & Harris, P.A., Miami, Fla., for plaintiff.

Susan Riley, U.S. Dept. of Justice—Civ. Div., Washington, D.C., for defendants.

## MEMORANDUM OPINION

NESBITT, District Judge.

This is a suit brought by Burnside-Ott Aviation Training Center, Inc., (Burnside-Ott) seeking an injunction to prevent the Department of the Navy from releasing to the public a technical proposal submitted by Burnside-Ott in response to a Request for Proposal to supply the Naval Air Training Command with helicopter maintenance services.

The Defendants are the United States of America, the Department of the Navy, John F. Lehman, Jr., sued in his official capacity as Secretary of the Navy, and Naval Commander Gary A. Mastrandrea, sued in his official capacity as Contracting Officer for the Naval Supply Center at Charleston, South Carolina.

In January of 1981 the Navy solicited bids for helicopter maintenance services at the Naval Air Station at Whitney Field, Milton, Florida. On July 30, 1981 Burnside-Ott's bid was revised to include its best and final offer. The solicitation for bids included a statement that the data furnished in response thereto "shall not be disclosed outside the government." Burnside-Ott submitted the successful bid and was awarded the contract on September 29, 1981.

Shortly after the contract was awarded, Burnside-Ott was notified by the Navy that the information in Burnside-Ott's technical

proposal and best and final offer would be released to certain of Burnside-Ott's competitors in the bidding process, pursuant to requests by such competitors under the Freedom of Information Act.

This action was brought pursuant to 28 U.S.C. § 1331, federal question jurisdiction, 5 U.S.C. § 702, the right of judicial review provided by the Administrative Procedures Act (APA), 28 U.S.C. §§ 2201–2202, the Declaratory Judgment Act, and 28 U.S.C. § 1651, the All Writs Act.

Shortly after commencement of this action the Court ordered that the technical proposal and best and final offer not be released during a 30 day period in which the defendants were to reevaluate their decision concerning the disclosure. A second order extended the time period by 60 days. Since that time, by agreement among themselves, the parties have continued to abide by the non-disclosure order.

The parties further agreed to submit the case to the Court upon the administrative record, supplemented by briefs, affidavits and oral argument. Burnside-Ott submitted affidavits in support of its demand for declaratory judgment and permanent injunction. The Defendants, however, now oppose the use of affidavits and argue that they are entitled to summary judgment upon the basis of the administrative record alone. The first issue, therefore, is whether this Court may lawfully consider facts outside the administrative record.

■ The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1331, which provides jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This section has been held to provide a jurisdictional basis for a reverse Freedom of Information suit such as this, in which a company having supplied information to the government seeks to prevent disclosure of that information to third parties. *Chrysler Corp. v. Brown*, 441 U.S. 281, 317 n. 47, 99 S.Ct. 1705, 1725 n. 47, 60 L.Ed.2d 208 (1977). The *scope* of judicial review in such cases is determined by the Administrative Proce-

dure Act (APA) at 5 U.S.C. § 706. *Id.* at 317, 99 S.Ct. at 1725.

■ The Freedom of Information Act (FOIA) provides no procedures to be utilized by a party seeking to *prevent* disclosure of information. It is strictly a disclosure statute. *Id.* at 292, 99 S.Ct. at 1712. Since neither the FOIA nor the APA required the Department of the Navy to hold a hearing or make formal findings on the administrative record when passing on Burnside-Ott's request for nondisclosure, the appropriate standard for judicial review is whether the Navy's decision was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). The Court may not use the substantial evidence test applicable to a review of findings made upon a hearing record, 5 U.S.C. § 706(2)(E), or hold a *de novo* hearing to determine whether the administrative action was unwarranted by the facts, 5 U.S.C. § 706(2)(F). *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973).

Burnside-Ott argues that the Defendants have abused their discretion under the FOIA in that they have wrongly determined that the technical proposal and best and final offer in question do not constitute "trade secrets and commercial or financial information obtained from a person and privileged or confidential," which are exempted from disclosure under the Act by 5 U.S.C. § 552(b)(4). More specifically, it argues that the proposed disclosure is in violation of the Trade Secrets Act, 18 U.S.C. § 1905, the contract between itself and the Navy, Department of Defense Regulations, and public policy, and that it would constitute an unlawful interference with a property interest of Burnside-Ott, in violation of the Fifth Amendment.

In support of these claims, Burnside-Ott has submitted the affidavits of its own President and the Director of its Division of Military Aviation. These affidavits provide a comprehensive view of Burnside-Ott's version of the relevant facts and policy considerations. Burnside-Ott contends that refusal by the Court to consider these

affidavits would deprive it of all semblance of due process, since it was allegedly afforded no opportunity to participate in the decision making process at the administrative level.

The final agency action from which review is sought in this Court is a letter dated January 26, 1982, from the Defendant Commander G.A. Mastrandrea to Donald L. Burnside. (The Department of the Navy is an "agency" within the meaning of the APA. 5 U.S.C. § 551(1).) The letter states that the Navy will reevaluate its position as required by a Court Order and asks that Burnside-Ott furnish the reasons, page by page and section by section, why it considers the information intended to be released by the Navy to be trade secrets or information the release of which would cause substantial competitive harm to Burnside-Ott. The letter reiterates the types of information from the technical proposal and best and final offer which the Navy does not intend to release, having previously furnished Burnside-Ott with a complete copy of those portions of the documents which it does intend to release.

Burnside-Ott responded to this letter by stating reasons why it believes that virtually the entire technical proposal and best and final offer should be held within the exemption of 5 U.S.C. § 552(b)(4).

The Defendants take the position that in view of Burnside-Ott's position no further reevaluation by them is possible or required, thus making the January 26, 1982 letter the final agency action.

The lengthy correspondence between the parties belies the contention of the Plaintiff that it had no opportunity to participate in the decision making process at the administrative level. Although the opportunity to state detailed opposition to disclosure postdated the filing of this lawsuit, it preceded the final agency action from which judicial review is sought.

A threshold issue was a "stipulation" by the parties that the parties could submit affidavits. Burnside-Ott and the Defendants agree as to the standard of review but not as to the scope of review. Burnside-

Ott urges the Court to conduct a limited *de novo* review by examining the affidavits of Burnside-Ott's Chief Executive Officer and Director of the Division of Military Aviation. They recite in detail why the proposal is confidential, their unsuccessful attempts to obtain their competitor's proposals and the "reasons" why the agency decided to release the proposals. Consideration by this Court of affidavits provided by the Plaintiff would constitute the *de novo* review of the agency decision foreclosed by *Camp v. Pitts*, 411 U.S. 138, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973) and *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). These cases contemplate review solely upon the basis of the administrative record. The only exception to this rule in a case to be determined under the arbitrary and capricious standard of 5 U.S.C. § 706(2)(A) is that if the agency has so completely failed to explain its action that effective judicial review cannot be had, then the agency may be required to submit affidavits or testimony providing "such additional explanation of the reasons for the agency decision as may prove necessary." *Camp v. Pitts, supra*, 411 U.S. at 138, 93 S.Ct. at 1241; *Citizens to Preserve Overton Park, Inc. v. Volpe, supra*, 401 U.S. at 420–21, 91 S.Ct. at 825–26.

In this case, of course, it is Burnside-Ott rather than the agency which is seeking the admission of affidavits.

■■■ In a concurring opinion in *NOW, Washington, D.C. Chapter v. Social Security Administration*, 736 F.2d 727 (D.C. Cir.1984) (Spottswood, J., Robinson, III, J. concurring), Judges Spottswood and Robinson, III stated that an agency's decision to release material pursuant to the FOIA is adjudicatory in nature and therefore, if the agency fails to afford adequate opportunity to be heard to a person opposing disclosure, then *Camp v. Pitts, supra*, and *Citizens to Preserve Overton Park, Inc. v. Volpe, supra*, permit the application of 5 U.S.C. § 706(2)(F); this section allows the reviewing court to consider whether the findings and conclusions of the agency are

so unwarranted by the facts as to permit a trial *de novo.* In ordinary circumstances, and absent special consideration, where a stipulation is entered into, the Court should give it great weight. However, when a stipulation is contrary to law the Court is not bound thereby.

In instances where a stipulation is inadvertent, contrary to law, contrary to fact or made without proper authority this court may disregard the stipulation.

*Kaminer Construction Corp. v. U.S.,* 488 F.2d 980, 203 Ct.Cl. 182 (1983). Just as with jurisdiction, the parties cannot by stipulation broaden or create the scope of review of agency action under 5 U.S.C. § 706.

In all cases challenging agency action under the APA, the "action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, or constitutional requirements." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 414, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971) (quoting 5 U.S.C. § 706(2)(A) and citing *id.* § 706(2)(B)–(D)). The "focal point for judicial review" in such cases "should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973) (per curiam). *NOW, Washington, D.C. Chapter v. Social Security Administration,* 736 F.2d 727 (1984).

■ Even if this Court were to accept the position of that concurring opinion, however, in this case Burnside-Ott was fully advised by the agency of the proposed disclosure and reasons for such disclosure, and was afforded an opportunity to state its objections to that disclosure prior to final consideration and determination by the agency. Since the agency afforded a reasonable process through which a rational decision could be made concerning exemption from disclosure, *de novo* review in this Court is not proper under 5 U.S.C. § 706(2)(F) and the Court is limited to a determination upon the administrative record of whether the decision was arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, in violation of 5 U.S.C. § 706(2)(A).

It is Burnside-Ott's position that the Defendants acted arbitrarily and unreasonably and abused their discretion under the Freedom of Information Act at 5 U.S.C. § 552(b)(4), not to disclose "trade secrets and commercial or financial information obtained from a person and privileged or confidential."

■ By its terms subsection (b) demarcates the agency's obligation to disclose; it does not foreclose disclosure in the agency's discretion. The intention of Congress in including the exemptions within the Act was to protect the need or preference of *the agency* for confidentiality, and the interest of a submitter of data in confidentiality is protected by the FOIA only to the extent that the submitter's interest is voluntarily endorsed by the agency. *Chrysler Corp. v. Brown, supra,* 441 U.S. at 290–94, 99 S.Ct. at 1711–13.

Recognizing the broad discretion afforded the agency to disclose, Burnside-Ott has sought to invoke other provisions of law which, according to its view, mandate nondisclosure.

■ The Plaintiff first relies upon the Trade Secrets Act, 18 U.S.C. § 1905:

Whoever, being an officer or employee of the United States or of any department or agency thereof, or agent of the Department of Justice as defined in the Antitrust Civil Process Act (15 U.S.C. 1311–1314), publishes, divulges, discloses, or makes known in any manner or to any extent not authorized by law any information coming to him in the course of his employment or official duties or by reason of any examination or investigation made by, or return, report or record made to or filed with, such department or agency or officer or employee thereof, which information concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the

identity, confidential statistical data, amount or source of any income profits, losses or expenditures of any person, firm, partnership, corporation, or association; or permits any income return or copy thereof or any book containing any abstract or particulars thereof to be seen or examined by any person except as provided by law; shall be fined not more than $1,000, or imprisoned not more than one year, or both; and shall be removed from office of employment.

Section 1905, of course, is a criminal provision, and affords no private right of action to prevent disclosure in violation of its provisions. *Chrysler Corp. v. Brown, supra* at 316, 99 S.Ct. at 1725. Nevertheless the Supreme Court held in *Chrysler v. Brown,* that "any disclosure that violates § 1905 is 'not in accordance with law' within the meaning of 5 U.S.C. § 706(2)(A)." *Id.* at 318, 99 S.Ct. at 1726. Thus, if the proposed disclosure is within the purview of the Trade Secrets Act, it should be enjoined by this Court in the exercise of the review function authorized by the Administrative Procedure Act, as not in accordance with law.

The technical proposal at issue consists of factors which are unrelated to price and which are considered by the Navy in awarding contracts. These factors include Burnside-Ott's staffing, organization, experience in the field of aviation management, and personnel qualifications.

The Trade Secrets Act protects, in part, any information which "concerns or relates to the trade secrets, processes, operations, style of work, or apparatus, or to the identity, confidential statistical data, amount or source of any income, profits, losses, or expenditures of any person, firm, partnership, corporation, or association." Broadly read, this could include all information relating to corporate "operations" in any fashion. So read, however, it would also include all information relating to the activities of all persons and business associations. If this interpretation were applied in the context of the provisions of the Freedom of Information Act it would simply vitiate the Act. No government agency could disclose any data whatever despite the provisions of the FOIA, for fear of violating § 1905. *See Public Citizen Health Research Group v. Food and Drug Administration,* 704 F.2d 1280, 1286–1289 (D.C.Cir.1983).

█ This Court therefore concludes that in the context of this reverse FOIA case, it must rely not upon the bare, broad, language of § 1905, but upon those cases which have specifically interpreted the terms "trade secrets and commercial or financial information" as they are used in Exemption 4 of the FOIA. In the context of such cases only those kinds of data defined in Exemption 4 are precluded from release by § 1905. This holding is supported by the dicta of the Supreme Court in *Chrysler Corp. v. Brown, supra,* 441 U.S. at 319 n. 49, 99 S.Ct. at 1726 n. 49, to the effect that the language of Exemption 4 and the substantive provisions of § 1905 are similar. Moreover, if § 1905 were held to be broader in scope than Exemption 4, this Court believes that the FOIA itself would constitute the necessary "authorization by law" to overcome the bar of § 1905. *See Worthington Compressors, Inc. v. Costle,* 662 F.2d 45, 55 n. 59 (D.C.Cir.1981).

█ The definition of trade secrets adopted by the District of Columbia Circuit in *Public Citizen Health Research Group v. Food and Drug Administration, supra* at 1288, is hereby adopted by this Court:

[W]e define Trade secret, solely for the purpose of FOIA Exemption 4, as a secret, commercially valuable plan, formula, process, or device that is used for the making, preparing, compounding, or processing of trade commodities and that can be said to be the end product of either innovation or substantial effort.

Applying this definition to the data proposed to be disclosed in this case, it is clear that the agency has not abused its discretion in determining that such data does not constitute trade secrets.

Exemption 4 also provides discretionary protection for commercial or financial information obtained from a person and privi-

leged or confidential. The District of Columbia Court of Appeals held that the words "commercial" and "financial" in the exemption should be defined as in everyday parlance. *Id.* at 1290.

The letter sent by Burnside-Ott to Commander Mastrandrea, dated February 2, 1982, with attachments, sets forth the most comprehensive statement in the administrative record of the Plaintiff's position supporting its contention that the data sought to be released is within Exemption 4. Burnside-Ott urges that its technical proposal and best and final offer "consists of plans, policies, modes of operations, perceptions of understanding, concepts and philosophies, all of which are *unique* to the Company." Nowhere, however, did Burnside-Ott demonstrate that the proposal and final offer *as redacted* by the agency still revealed information essential to the Plaintiff's efforts to market its services.

■■■■ The Court concludes that the data sought to be released is neither a "trade secret nor commercial or financial information." Accordingly the Court finds that the agency did not abuse its discretion in determining that the data be released. The remaining two elements of Exemption 4 required for nondisclosure, that the supplier be a person, and that the information be privileged and confidential, are of little importance, but merit brief discussion. It is clear that Burnside-Ott is a person within the meaning of the Act. 5 U.S.C. § 551(2). Information is deemed confidential for purposes of Exemption 4 if: (1) disclosure would impair the ability of the government to obtain necessary information in the future, or (2) disclosure would cause substantial harm to the competitive position of the supplier of the information. *Public Citizen Health Research Group v. Food and Drug Administration, supra* at 1290–91; *National Parks and Conservation Association v. Morton,* 498 F.2d 765, 770 (D.C. Cir.1974); *Hustead v. Norwood,* 529 F.Supp. 323, 326 (S.D.Fla.1981). The government has determined that release of this information will not impair its ability to obtain necessary information in the fu-

ture. Burnside-Ott argues that disclosure will cause substantial harm to its own competitive position. A review of the letter of the Plaintiff dated February 2, 1982, with attachments, however, reveals that the Plaintiff at no time indicated how the specific data to be released would harm its competitive position, but instead took the general view that release of any data concerning its operations would cause it substantial harm. This Court finds no abuse of discretion in the agency's determination that the information to be disclosed is not privileged or confidential.

■■■■ Although Burnside-Ott argues that the information to be released in this case is cloaked by the agency's specific contractual promise of confidentiality, the FOIA does not permit agencies to alter its provisions by private promises. *Public Citizen Health Research Group v. Food and Drug Administration, supra* at 1287.

The regulations in pertinent part are as follows:

32 C.F.R. § 286.30(b)

*Significant and legitimate Government purpose.* An exempted record, other than those being withheld pursuant to Exemptions 1, 3 or 6, shall be made available upon the request of any individual when, in the judgment of the releasing DoD Component or higher authority, no significant and legitimate government purpose would be served by withholding it under an applicable exemption. *If a DoD Component determines that a record requested under the FOIA meets the Exemption 4 withholding criteria set forth in this part, the DoD Component shall not ordinarily exercise its discretionary power to release, absent circumstances in which a compelling public interest will be served by release of that record.* (emphasis added).

32 C.F.R. § 286.31(a)

FOIA Exemptions. The following types of records may be withheld in whole or in part from public disclosure unless otherwise prescribed by law.

\*     \*     \*     \*     \*     \*

Number 4. Those containing trade secrets or commercial or financial information that a DoD Component receives from a person or organization outside the government with the understanding that the information or record will be retained on a privileged or confidential basis in accordance with the customary handling of such records. *Records within the exemption must contain trade secrets, or commercial or financial records the disclosure of which is likely to cause substantial harm to the competitive position of the source providing the information; impair the government's ability to obtain necessary information in the future; or impair some other legitimate government interest.* (Thereafter examples included within the exemptions are enumerated.)

■ This Court has previously determined herein that the agency did not abuse its discretion in determining that the data to be disclosed does not constitute trade secrets or commercial or financial records within the meaning of the language of these regulations, so that Burnside-Ott's reliance upon the regulations must fail as well.

■ Burnside-Ott's final argument is that release of the technical proposal and best and final offer to the public domain would constitute a taking of its property without due compensation in violation of the Fifth Amendment. The Plaintiffs cite a sole case in support of this proposition: *St. Michael's Convalescent Hospital v. California,* 643 F.2d 1369 (9th Cir.1981). The case holds that a District Court erred in refusing to allow a plaintiff to amend a complaint to include a claim that disclosure of cost information would infringe upon a Constitutional property interest. The holding is based upon the premise that trade secret information may be property within the meaning of the Fifth Amendment. *Id.* at 1374. The Court having determined that the agency did not abuse its discretion in determining that no trade secrets are included in the data to be released, it follows

that no "taking" of property without due compensation could exist.

In support of its request for injunction on the several grounds already discussed, Burnside-Ott pleads that it has unsuccessfully sought to obtain similar information from the technical proposals of its own competitors. It has cited no cases, however, demonstrating that it has obtained a judicial ruling pursuant to 5 U.S.C. § 552(a)(4)(B) concerning the validity of the Navy's refusal to provide it with such information. The FOIA, at § 552(a)(4)(B), provides jurisdiction for a judicial determination whether an agency's decision to withhold data is lawful under the Act. In such a case the burden is on the agency to sustain its action.

■ Even if this Court were to disagree with the Navy's conclusions, the Court finds that the Navy's action is not "arbitrary, capricious, or otherwise not in accordance with law." The Court finds the agency decision was based on a consideration of relevant, rational factors and there has not been demonstrated a clear error of judgment. The Court may not substitute its judgment for that of the agency. *Citizens to Preserve Overton Park, Inc. v. Volpe, supra,* 401 U.S. at 416, 91 S.Ct. at 823.

Based upon a consideration of the record and applicable law, the request of the Plaintiff for declaratory judgment and permanent injunction is DENIED and judgment shall be entered for the Defendants.